# UNITED STATE DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA SHEPARD & SHIRLEY SHEPARD<br><br>Plaintiffs,<br>v.<br><br>EUROPEAN PRESSPHOTO AGENCY, ALAMY LIMITED, ALAMY, INC. and JOHN DOES (1-5).<br><br>Defendants. | 2017-Civil Action No. _____<br><br><br>**COMPLAINT** |

## NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. section 101, et seq., for false designation of origin pursuant to 15 U.S.C. section 1125(a) and for breach of contract and related claims under the common law of the state of New York arising from Defendants' unauthorized use of Plaintiffs' copyrighted artwork and reproductions. The copyrighted artwork and reproductions at issue consist of pastels created by Shirley Shepard and Andrea Shepard (the "Shepards" or the "Plaintiffs"), featuring celebrities and other public figures during courtroom proceedings ("Courtroom Artwork"). Plaintiffs seek monetary damages and injunctive relief in connection with the above-mentioned claims.

## PARTIES

2. The Shepards ordinarily work simultaneously on one pastel and then sign that Courtroom Artwork with their last name, "Shepard." Andrea, a former economist, and Shirley, a former designer, began their careers as courtroom artists in 1991. Since 1991, they have featured iconic images of both famous and

1

infamous people during courtroom proceedings. As cameras are generally prohibited in courtrooms, the Courtroom Artwork the Shepards create often serve as the only visual record of any courtroom proceeding. Media outlets, institutions, and the subjects of the Courtroom Artwork purchase these pieces to archive events of a courtroom proceeding, or their roles at the proceeding. The Shepards have created Courtroom Artwork featuring public figures and celebrities including Russell Crowe, Martha Stewart, J.K Rowling, Sean Combs, Woody Allen, Jay-Z, Rudy Giuliani, Leona Helmsley, Liza Minnelli, Yoko Ono, Mike Tyson, Donald Trump and Tupac Shakur.

3. The Shepards reside in Manhattan, New York and much of their Courtroom Artwork depicts courtroom events of the United States District Court for the Southern District of New York ("SDNY Court"), the New York County Criminal Court ("Manhattan Criminal Court"), and New York County Civil Court, all located in downtown Manhattan. Plaintiffs earn a living from the sale of their artwork, which has gained significant accolades and notoriety over the years. Plaintiffs expend considerable time and resources to protect the unauthorized sale, reproduction, and other unauthorized uses of their artwork.

4. European Pressphoto Agency ("EPPA") is an international news photo service, founded in 1985, with editorial offices in Frankfurt, Germany and editorial desks in Washington, D.C., Bangkok and Cairo. It has offices at 1122 and 1252 National Press Building, Washington, D.C 20045. On the EPPA website, (url:www.epa.eu), EPPA calls itself a "world-wide picture agency," growing its picture archive "by an average of 1,300 pictures – generated by a network of more

2

than 400 photographers worldwide." EPPA maintains a large archive of pictures of events and appearances occurring in this judicial district. Employees of the EPPA office in Washington, D.C. entered into contracts with the Shepards from 2003 through 2012.

5. Alamy Limited ("Alamy") is a stock photography agency, founded in 1999, that archives, markets, and sells images, vectors and videos in various categories. On its website, (url:www.alamy.com), Alamy calls itself "the world's largest stock photo collection." Alamy also allows users to upload and sell their iPhone photos through Alamy's Stockimo app. Alamy also maintains a stock photo weblog. Alamy is headquartered in the U.K but maintains offices through its subsidiaries worldwide, including a sales office in Brooklyn, New York. The Plaintiffs have not entered into contracts with Alamy.

6. Alamy, Inc. ("Alamy Inc.") is a New York corporation licensed to do business in Kings County, New York and upon information and belief is at least in part responsible for the editorial content of images obtained, reproduced, distributed and/or displayed in the United States. Alamy, Inc. routinely sells Alamy images throughout the United States, including in this judicial district. Alamy, and upon information and belief, Alamy Inc., further maintains a large archive of pictures of events and appearances occurring in this judicial district. The Plaintiffs have not entered into contracts with Alamy, Inc.

7. John Does are other news and information agencies and/or individuals that the Shepards provided a license to display their work, and who contributed to the unauthorized use by third parties of the Shepards' pictorial and graphic works.

## JURISDICTION

8. This Court has subject matter jurisdiction of this matter pursuant to 17 U.S.C. sections 106, 113 & 501 through 505 and 28 U.S.C. §§ 1331, 1367(a) and 1338(a).

9. This Court has general personal jurisdiction over EPPA, Alamy, and Alamy Inc. as Defendants conduct systematic and continuous business within New York State, including in this judicial district. Furthermore, Alamy Inc. maintains a sales office at 20 Jay Street, #848, in nearby Brooklyn, New York.

10. This Court has specific personal jurisdiction over EPPA, Alamy, and Alamy Inc., because many of the copyrighted artworks and reproductions at issue were created in and are related to this judicial district, and all Defendants have purposefully availed themselves of this judicial district, and made infringing copies of this Courtroom Artwork available to persons in this judicial district.

## VENUE

11. Venue is proper in this judicial district under 28 U.S.C. sections 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district and Defendants are subject to personal jurisdiction in this district.

## FACTS

### The Shepards' Works at Issue: Access by EPPA

12. In April 2005, the Shepards featured defendant Zacarias Moussaoui in two pastels (the "Moussaoui Artwork") at his guilty plea on terrorism-related charges in federal court. Moussaoui pleaded guilty to conspiring to kill U.S. citizens as part of the terror attacks of September 11, 2001. The Shepards granted a limited license to Defendant EPPA to use the two pastels of the Moussaoui Artwork

4

involved for one day only.

13. In April 2005, the Shepards featured defendant Haji Bashir Noorzai in two pastels (the "Noorzai Artwork"), at his arraignment on charges related to international narcotics trafficking in the SDNY Court. The Shepards licensed Defendant EPPA to use the two pastels of the Noorzai Artwork for one day only.

14. In May 2005, the Shepards featured defendant Tarik Shah in at least one pastel (the "Shah Artwork") at his arraignment on terrorism-related charges in the SDNY Court. Defendant Shah pleaded guilty to conspiring to assist the terrorist organization al-Qaeda. The Shepards licensed Defendant EPPA to use the Shah Artwork involved for one day only.

15. In June 2005, the Shepards featured defendant Russell Crowe, a well-known actor accused of assault with a telephone, in two pastels (the "Crowe Artwork") at his arraignment in the Manhattan Criminal Court. These two images were licensed to one or more John Doe Defendants for one day only.

16. In September 2005, the Shepards featured defendant Michael Ray Aquino, who was accused of conspiring to commit espionage at his arraignment in federal court, in at least one pastel (the "Aquino Artwork"). The Aquino Artwork was licensed to one or more John Doe Defendants for one day only.

17. In or around August 2007, the Shepards featured defendant Tim Donaghy in at least two pastels (the "Donaghy Artwork"), the former National Basketball Association referee, while being sentenced in federal court for his role in betting on basketball games to affect the point spread for those games. The Shepards licensed Defendant EPPA to use the two pastels of the Donaghy Artwork

involved for one day only.

18. In May 2010, the Shepards featured defendant Faisal Shahzad in at least one pastel (the "Shahzad Artwork"), while he was being arraigned in the SDNY Court on charges related to his attempt to explode a device in Times Square. The Shepards licensed Defendant EPPA to use the Shahzad Artwork involved for one day only.

19. In June 2010, the Shepards featured defendant Christopher Coke in two pastels (the "Coke Artwork"), while he was being arraigned, on drug trafficking charges in the SDNY Court. The Shepards licensed Defendant EPPA to use the two pastels of the Coke Artwork involved for one day only.

20. In June 2010, the Shepards featured defendants accused of espionage on behalf of Russia, namely Anna Chapman, Vicky Pelaez, Cynthia Murphy, Juan Lazaro and Richard Murphy in the SDNY Court. In July 2010, the Shepards featured four of the Five Russian Spies (Palaez, R. Murphy, C. Murphy and Lazaro) at their bail hearing in the SDNY Court. Later in July 2010, the Shepards featured all of the Five Russian Spies, and five other defendants (Michael Zottoli, Tracey Lee Ann Foley, Ronald Howard Heathfield, and Mikhail Samanko) while the Court accepted their guilty pleas in the SDNY Court (collectively, the 5 pastels known as the "Russian Spies Artwork"). The Shepards licensed Defendant EPPA to use the at least five pastels of the Russian Spies Artwork for one day only.

21. In October 2012, the Shepards featured defendants Khaled Al Fawwaz, Abdel Bary and Abu Hama Al Masri in four pastels ("Al-Masri Artwork") while they were being arraigned in the SDNY Court on terrorism-related charges in

6

connection with the bombings of US embassies in East Africa. The Shepards licensed the four pastels of the Al-Masri Artwork licensed to Defendant EPPA for one day only.

22. The Shepards obtained registration from the United States Copyright Office covering these art works under the following valid and incontestable registration numbers: VA2034922; VA2034925; VA2034920; VA2034856; VA2034926; VA0002034929; VA0002034927; VA0002034924; VAu684-451; VAu684-452; VAu1-047-416; VAu1-054-682 and VAu1-059-487; VAu000693035, VAu000693036; and VAu1-053-306. The registrations are attached as **Exhibit 1**. At all relevant times, the Shepards complied in all respects with the requirements of the Copyright Act and secured exclusive rights and privileges in their art works.

23. Defendant EPPA published the works set forth above on or near the date of creation. The Shepards' work is prominently signed with the name "Shepard."

24. In the summer of 2016, the Shepards were informed that a number of their copyrighted images were still in use by Defendant EPPA despite the expiration of the limited licenses. Prior to 2016, neither of the Shepards was aware that EPPA was using their copyrighted images. The Shepards exercised reasonable due diligence under the circumstances before and following accrual of this action.

### The Shepards' Works at Issue: No Licenses to Alamy

25. The Shepards never licensed Defendant Alamy to use the Crowe Artwork or reproductions therefrom.

26. The Shepards never licensed Defendant Alamy to use the Aquino Artwork or reproductions therefrom.

7

27. The Shepards never licensed Defendant Alamy to use the Shah Artwork or reproductions therefrom.

28. The Shepards never licensed Defendant Alamy to use the Donaghy Artwork or reproductions therefrom.

29. The Shepards never licensed Defendant Alamy to use the Coke Artwork or reproductions therefrom.

30. The Shepards never licensed Defendant Alamy to use the Russian Spies Artwork or reproductions therefrom.

31. The Shepards never licensed Defendant Alamy to use the Shahzad Artwork or reproductions therefrom.

32. The Shepards never licensed Defendant Alamy to use the Moussaoui Artwork or reproductions therefrom.

33. The Shepards never licensed Defendant Alamy to use the Noorzai Artwork or reproductions therefrom.

34. The Shepards never licensed Defendant Alamy to use the as-Masri Artwork or reproductions therefrom.

35. In the summer of 2016, the Shepards were informed that a number of their copyrighted images were in use by Defendant Alamy. Prior to 2016, the Plaintiffs were unaware that Alamy was using images of their copyrighted Artwork. The Shepards exercised reasonable due diligence under the circumstances before and following accrual of this action.

### Unauthorized Uses

36. From at least 2016, Defendant EPPA posted unauthorized images of the

Moussaoui Artwork, the Noorzai Artwork, the Shah Artwork, the Coke Artwork, the Donaghy Artwork, the Russian Spies Artwork, the Shahzad Artwork, and the Al-Masri Artwork on its website (url: www.epa.eu) beyond the license terms agreed to with the Shepards. The specific images as displayed on the EPPA website are attached as **Exhibit 2a**.

37. From at least 2016, Defendant Alamy posted the Courtroom Artwork set forth above, in paragraphs 24 through 30, on its website (url: www.alamy.com) without the permission and authority of the Shepards. As noted, the Shepards' work is prominently signed with the name "Shepard." The specific images of the Courtroom Artwork as displayed on the Alamy website are attached as **Exhibit 2b**. The images of the Courtroom Artwork are inaccurately detailed there as "royalty-free" images and imprinted with an Alamy watermark. But they do not belong to Alamy, Alamy Inc. nor are the images in the public domain.

38. On or about October 19, 2016, Plaintiffs' counsel advised the Defendants via electronic mail provided on their respective websites that the uses of the Shepards' copyrighted images constituted infringement but Defendant Alamy did not remove these images before October 25, 2016.

## FIRST CAUSE OF ACTION - COPYRIGHT INFRINGEMENT

39. The Shepards re-allege paragraphs 1 through 38 as if fully set forth herein.

40. Defendants have violated the copyright rights of the Shepards by reproducing, displaying and distributing unauthorized copies of the Shepards' copyrighted Courtroom Artwork for worldwide consumption, including in this judicial district. The John Doe Defendants, upon information and belief, and with knowledge of

the infringing activity, induce, cause or materially contributed to the infringing conduct of the named Defendants.

41. EPPA has further violated the copyright and contractual rights of the Shepards by reproducing, displaying and distributing unauthorized copies of the Shepards' copyrighted Courtroom Artwork after the expiry of any Agreement EPPA made with the Shepards.

42. Plaintiff has complied in all respects with the United States Copyright Act and all other laws respecting copyright by applying for copyright registration of the Courtroom Artwork at issue and making the required deposit for the image contained in those works.

43. Defendants had actual or constructive notice of the Shepards' copyright ownership of the Courtroom Artwork as the Shepard signature is prominently displayed.

44. Notwithstanding Plaintiff's notice to Defendants and prior knowledge of Plaintiffs' rights, and without the Shepards' permission or authority, Defendants continued to reproduce, display and or distribute the Shepards' copyrighted Courtroom Artwork.

45. Defendants' acts of infringement were willful and in blatant disregard of Plaintiffs' proprietary rights.

46. Defendants have unlawfully and wrongfully derived income and profits from their infringing acts.

47. Plaintiffs have suffered damages as a result of Defendants' willful infringement of their copyright.

## SECOND CAUSE OF ACTION – FALSE DESIGNATION OF ORIGIN

48. The Shepards re-allege paragraphs 1 through 47 as if fully set forth herein.

49. Defendants' act of listing the copyrighted images as "part of a network" (EPPA) or of digitally imprinting the images at issue with the false designation of "alamy" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of EPPA, Alamy, and/or Alamy Inc. with the Shepards, or as to the origin, sponsorship, or approval of their goods, services, or commercial activities by EPPA or Alamy or vice-versa.

50. The Shepards have been damaged at least because the Shepards offer a digital license to the same images to the public on their websites. Therefore, these images are not "royalty-free" as Alamy and Alamy Inc. claim.

51. Defendants' conduct constitutes willful infringement, unfair competition and the knowing use of false designations of origin and false descriptions and representations in connection with products placed into the stream of commerce in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. section 1125(a)(1)(A).

## THIRD CAUSE OF ACTION - BREACH OF CONTRACT

52. The Shepards re-allege paragraphs 1 through 51 as if fully set forth herein.

53. Upon information and belief, Alamy and other Defendants secured the Courtroom Artwork the Shepards had provided to EPPA or one or more of the John Doe Defendants under a 1 day nonexclusive license agreement ("One Use-One Day License").

54. The Shepards' offered the images under the One Use-One Day License timing

and use restrictions to maintain the Shepards' rights in their copyrighted Courtroom Artwork.

55. Defendant EPA breached the One Use-One Day License with the Shepards by displaying, reproducing, publishing, distributing and otherwise making use of the Shepards' copyrighted Courtroom Artwork after expiration of the One Use-One Day License.

56. As a result of such breaches, the Shepards have suffered, and continue to suffer, damages.

## FOURTH CAUSE OF ACTION -

## UNFAIR COMPETITION UNDER NEW YORK LAW

57. The Shepards reallege paragraphs 1-56 as if fully set forth herein.

58. The Defendants by displaying the Shepards Courtroom Artwork, exceeding the scope of the One Use-One Day License and wrongfully labeling the Courtroom Artwork as Defendants' own, have misappropriated the labors and expenditures of the Shepards.

59. The Defendants have acted in bad faith, i.e., out of a dishonest purpose.

60. As a result of such actions, the Shepards have suffered, and continue to suffer, damages.

## JURY DEMAND

The Shepards demand a trial by jury on all jury-triable issues.

## PRAYER FOR RELIEF

WHEREFORE, the Shepards request judgment against Defendants for:

    a.    A permanent injunction enjoining Defendants and their agents, servants, and employees from infringing in any manner Plaintiffs' copyright and from copying, disseminating, altering or otherwise disposing of any copies thereof

following a final decision in this action;

b. A permanent injunction enjoining Defendants and their and agents, servants and employees from the manufacture, distribution, offering for sale, sale, advertising and/or promotion in the United States of Courtroom Artwork, other works of art or pastels that use or depict in any way the designation "Shepard," or other designation that is confusingly similar to the Shepards' Courtroom Artwork, and any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' business and products are in any way associated or affiliated with or related to the Shepards' Courtroom Artwork.

c. An accounting for payment to the Shepards of all of the following sums:

> All gains, profits and advantages derived by Defendants as a result of their infringement of the Shepards' copyright, statutory damages or such damages as the Court shall deem proper and within the provisions of the copyright statute, 17 U.S.C. section 1 et seq.

d. The delivery by Defendants, their agents, employees and all others for whom Defendants are responsible, or anyone acting on their behalf, of all articles alleged to infringe the copyright of the Shepards;

e. Delivery by Defendants, their agents, employees and all others for whom Defendants are responsible, or anyone on their behalf, all infringing copies including all infringing derivative images, digital files, magnetic tapes, optical disks, and other means for making infringing copies;

f. Damages for breach of contract;

g. Damages for copyright infringement;

h. Non-duplicative damages for unfair competition and false designation of origin;

i. Reasonable attorneys' fees, costs, expenses, and interest of suit; and

j. Such other and further relief as the Court deems equitable and just.

Dated: June 13, 2017
New York, New York

GARSON SEGAL STEINMETZ
FLADGATE LLP

By: _____
Kevin Murphy (KM-2370)
Chris Fladgate (CF-1999)
164 W. 25th Street, Suite 11R
New York, New York 10001
Tel: (212) 380-3623
Fax: (212) 537-4540