UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA SHEPARD & SHIRLEY SHEPARD,<br><br>      Plaintiffs,<br><br> -v-<br><br>EUROPEAN PRESSPHOTO AGENCY, ALAMY LIMITED, ALAMY, INC. AND JOHN DOES (1-5),<br><br>      Defendants. | Civil Action No. 17-cv-4434 (LLS) |

**DEFENDANTS EUROPEAN PRESSPHOTO AGENCY, ALAMY LIMITED, AND ALAMY INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR <u>MOTION FOR RECONSIDERATION AND SANCTIONS</u>**

Lindsay W. Bowen
Nancy E. Wolff
Brittany L. Kaplan
COWAN, DEBAETS, ABRAHAMS
& SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: (212) 974-7474
Facsimile: (212) 974-8474
lbowen@cdas.com
nwolff@cdas.com
bkaplan@cdas.com

*Attorneys for Defendants European Pressphoto Agency, Alamy Ltd., and Alamy Inc.*

1

Defendants European Pressphoto Agency ("EPA"), Alamy Limited ("Alamy"), and Alamy Inc. ("Alamy Inc.," together with EPA and Alamy, "Defendants"), by their attorneys, Cowan, DeBaets, Abrahams & Sheppard LLP, respectfully submit this Memorandum of Law in Support of their Motion for Reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, of their Partial Motion to Dismiss the Complaint of plaintiffs Andrea and Shirley Shepard ("Plaintiffs"), and in support of their Motion for Sanctions, pursuant to 28 U.S.C. Section 1927 and this Court's inherent power, for an award against Plaintiffs and the law firm of Garson, Segal, Steinmetz, Fladgate LLP of attorneys' fees incurred in connection with the instant Motion for Reconsideration and, as an alternative to Rule 59(e) relief, for an order dismissing the remaining trademark claims.

## ARGUMENT

**I.   RECONSIDERATION OF THIS COURT'S DENIAL OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' LANHAM ACT CLAIM IS WARRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E)**

Federal Rule of Civil Procedure 59(e) permits a district court to alter or amend an order denying a motion to dismiss. *See, e.g., TNS Media Research LLC v. TiVo Research & Analytics, Inc.*, 193 F. Supp. 3d 307, 308 (S.D.N.Y. 2016). A motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *U.S. ex rel. Kolchinsky v. Moody's Corp.*, No. 12 CV 1399, 2017 WL 3841866, at *1 (S.D.N.Y. Sept. 1, 2017). Defendants' instant motion is premised, respectfully, on this Court's mistake of fact regarding the scope of the allegations found in Plaintiffs' Complaint. Specifically, the Court explained its partial denial of the Motion to Dismiss (the "Motion") by stating, "[a]s alleged, defendants obtained *tangible goods* . . . that the Shepards created and sell (or copies of them), and falsely represented themselves as their

source." Order at 7 (emphasis added). However, Plaintiffs make no allegation in their Complaint that Defendants obtained tangible goods – in this case, pastel drawings.

Because the Court's denial of Defendants' Motion rests on this misapprehension – fostered by Plaintiff's Opposition, which improperly reframes the Complaint as one focused on tangible goods – Defendants submit that reconsideration is warranted. Accordingly, Defendants do not now seek to relitigate those arguments raised in their Motion, nor advance new legal theories, as Defendants recognize that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories," or "otherwise taking a second bite at the apple." *Luv n' Care Ltd. v. Goldberg Cohen, LLP,* No. 15 CV 9248 (NRB), 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016).

Defendants do not dispute the applicable law. In its opinion, this Court correctly restated the central holding of *Dastar*: the term "origin of goods" referenced in Section 43(a) of the Lanham Act refers to the producer of *tangible goods* that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods. Dkt. 22 ("Order") at 6; *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 37 (2003). Thus, Lanham Act claims are preempted by the Copyright Act when they concern material that is properly the subject matter of copyright, excluding a narrow exception where a defendant obtains physical media created by a plaintiff and "merely repackage[s] them as its own." *Id.*, 539 U.S. at 37; *Antidote Int'l Films v. Bloomsbury Pub. PLC*, 467 F. Supp. 2d 394, 399-400 (following *Dastar* and confirming that the term "origin" in the context of Section 43(a)(1)(A) of the Lanham Act refers to manufacturers of tangible goods).[1]

---

[1] As in *Dastar,* the court in *Antidote International* explained that the plaintiff's trademark claim would be valid only if it had alleged that the defendant misrepresented the manufacturing source of a physical good – in that instance, the books the defendant offered for sale. *Id.* at 399.

Defendants respectfully submit that this Court erred, however, in stating that Plaintiffs have alleged in their Complaint that Defendants obtained Plaintiffs' tangible goods for sale or distribution. Order at 7. This is simply not the case. First, the Complaint does not allege that Defendants ever acquired hard-copy pastel drawings. Rather, it asserts only that Defendants posted *digital images* of such drawings to their respective websites, purposefully without specifying how the digital images were obtained. Cplt. ¶¶ 36-37.[2] This distinction makes all the difference under *Dastar*, where allegations regarding the physical goods are required.

Second, the Complaint does not allege that Defendants sold or distributed any physical goods at all. Instead, Plaintiffs' Complaint specifies that Defendants "distribut[ed] unauthorized *copies* of the Shepards' copyrighted Courtroom Artwork," not the originals. *See* Cplt. ¶¶ 40-41; 49-51 (emphasis added). The Complaint does not so much as allege that Defendants sell any hard-copy drawings by any artist, much less hard-copy drawings created by Plaintiffs. Indeed, Plaintiffs' allegations essentially assert that Defendants distributed a license to reproduce an image – *i.e.*, to create a copy of the image – but did not distribute a physical *or* digital good in which a purchaser obtained rights of ownership.

Manifestly, Plaintiffs did not make such allegations because their counsel could not in light of the restrictions of Rule 11. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper, an attorney . . . certifies that to the best of the person's knowledge, information, and belief . . . (3) the factual contentions [expressed therein] have

---

Because the *Antidote* plaintiffs had made no such allegation, the court determined that the plaintiff's Lanham Act claim was preempted. *Id.*

[2] While it is outside of the scope of both the original Motion and this motion, Plaintiffs cannot dispute that it is their practice to allow photographers to take pictures of their artwork as they hold them up on the courthouse steps for that purpose. Those digital photographs are licensed by photo bureaus like Defendants, who then sell licenses to news outlets.

4

evidentiary support . . ."). Absent such factual assertions, as the Court correctly noted, *see* Order at 7, *Dastar* requires the dismissal of the Lanham Act claim.

Recognizing this flaw, Plaintiffs attempted to use their opposition to Defendants' Motion to misleadingly reframe their Complaint as one focused on hard-copy drawings – simply because such drawings existed at the beginning of the causal chain. Of course, it is black-letter law that a plaintiff cannot amend its pleadings through an opposition to a motion. *See, e.g., Roberts v. Weight Watchers Int'l, Inc.,* 217 F. Supp. 3d 742, 753 (S.D.N.Y. 2016), aff'd No. 16-3865, 2017 WL 4994471 (2d Cir. Nov. 2, 2017). Plaintiffs' opposition threaded that needle by stopping just short of asserting that Defendants actually obtained or distributed the hard copies.

Without the support of factual allegations concerning Defendants' conduct, the opposition nakedly asserted the relevance of the fact that *Plaintiffs* produce and sell such original artwork to one set of consumers (typically, the attorneys in the drawings) in addition to licensing digital copies of them to Defendants. Dkt. No. 20 ("Opp.") at 5. But Plaintiffs' mere creation of physical media does not satisfy *Dastar* without an allegation that Defendants repackaged them.

The Court's error that the Complaint contained allegations regarding Defendants' repackaging of physical media is understandable in retrospect, given the scattershot and misleading nature of Plaintiffs' opposition. However, Defendants submit that they could not have anticipated that the denial of part of their Motion would be premised on such a judicial mistake of fact, and could not have addressed it in their reply brief. Thus, Defendants respectfully request that this Court alter or amend its previous Order denying the motion to dismiss Plaintiffs' Lanham Act claim.

## II. PLAINTIFFS' COUNSEL'S FAILURE TO FULFILL THEIR DUTY OF CANDOR WARRANTS SANCTIONS UNDER 28 U.S.C. SECTION 1927

As discussed in Section I, *supra*, this Court's partial denial of Defendants' Motion rests on a misunderstanding of the factual allegations contained in the Complaint. Following this Court's ruling, counsel for Defendants contacted Plaintiffs' counsel, noting that the Complaint plainly contains no factual allegation that Defendants obtained physical drawings. Indeed, Plaintiffs are in the best position to know that they do not sell physical artwork to the media, but merely license photographs of that artwork. Accordingly, Defendants' counsel reminded Plaintiffs' counsel of their duty of candor to this Court. *See* Declaration of Brittany L. Kaplan-Peterson dated January 17, 2018, ¶ 2, Ex. A. Defendants' counsel invited Plaintiffs' counsel to file a joint letter to the Court, explaining that the Motion to Dismiss rests on a mistaken understanding of the allegations in the Complaint. *Id.* Plaintiffs' counsel responded, "There was no mistake and we rely on our papers." *See Id.,* ¶ 3, Ex. B.

Plaintiffs' counsel's refusal to correct this Court's misunderstanding constitutes a breach of their duty of candor. *See In re Gordon,* 780 F.3d 156, 161 (2d Cir. 2015) (emphasizing the importance of the duty of candor to a tribunal); *Prospect Capital Corp. v. Enmon,* No. 08 CIV. 3721 (LBS), 2010 WL 907956, at *6 (S.D.N.Y. Mar. 9, 2010) (misrepresentations to a court violate an attorney's ethical duty of candor and "cannot be excused under the guise of zealous advocacy"). Counsel's response is also inconsistent with Rule 3.3 of the New York Rules of Professional Conduct, which states that a lawyer shall not fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer. Plaintiffs' counsel has misled the Court by refusing to correct the Court's misapprehension, which itself stems from the misleading nature of Plaintiffs' opposition papers. Counsel's actions will result in the continued prosecution of a claim that cannot stand, wasting both the Defendants' and Court's time and

resources.  *See CCS Comm. Control, Inc., v. Kelly Int'l Forwarding Co.,* 564 N.Y.S.2d 69 (App. Div. 1st Dep't 1990).

Counsel's acts constitute misconduct, and violation of such duty of candor may warrant the imposition of discipline.  *See In re Estate of Wagner,* 959 N.Y.S.2d 93 (N.Y. Sur. Ct. 2010) (issuing monetary sanctions and granting movants' attorneys' fees incurred in filing motion); *Kim v. 511 E. 5th Street, LLC,* No. 12 CIV. 8096 (JCF), 2016 WL 6833928, at *4 (S.D.N.Y. Nov. 7, 2016).  In this instance, Defendants have been forced to incur attorneys' fees in filing a motion necessitated by Plaintiffs' counsel refusal to correct this Court's misunderstanding.  This Court is therefore permitted to – and Defendants respectfully submit, should – award such fees as a result of Plaintiffs' counsel unreasonably multiplying the proceedings in this case.  *See* 28 U.S.C. § 1927; *Prospect Capital Corp.,* 2010 WL 907956 at *8 (awarding sanctions under 28 U.S.C. Section 1927 based on, *inter alia*, misrepresentations made to the court).

Under 28 U.S.C. Section 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."[3]  Moreover, an award of sanctions under Section 1927 is appropriate where, as here, a plaintiff presents a claim "without a colorable basis" and "in bad faith."  *Pentagen Techs. Int'l Ltd. v. U.S.,* 172 F. Supp. 2d. 464, 474 (S.D.N.Y. 2001), aff'd, 2003 WL 1977386 (2d Cir. Apr. 23,

---

[3] This Court is also permitted to award sanctions against a party or counsel under its inherent power.  The "only meaningful difference between an award made under [Section] 1927 and one made pursuant to the court's inherent power is . . . awards under [Section] 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both."  *Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir. 1986).  Accordingly, this Court may use the same standard for evaluating Defendants' request for sanctions under either 28 U.S.C. Section 1927 or the Court's inherent power and in its discretion award them against Plaintiffs or Plaintiffs' counsel.

7

2003).  Plaintiffs' Lanham Act claims "lacks a colorable basis" as it lacks the requisite factual elements to survive preemption by the Copyright Act.  *See Sierra Club v. U.S. Army Corp of Engineers,* 776 F.2d 383, 390 (2d Cir. 1985); *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 336 (2d Cir. 1999).  Plaintiffs' counsel, along with their clients, are aware that this litigation does not concern the Shepards' original pastel drawings, but rather, is focused on digital copies of the drawings made available, purportedly without authorization, through Defendants' respective websites.

Additionally, bad faith is evidenced by a party's actions that are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose."  *Vishipco Line v. Charles Schwab & Co.,* No. 02 CIV. 7823, 2003 WL 1345229, at *10 (S.D.N.Y. Mar. 19, 2003).  Bad faith is established here by Plaintiffs' counsel's refusal to (1) correct this Court's misunderstanding of the allegations contained in Plaintiffs' Complaint in violation of their duty of candor, and (2) withdraw Plaintiffs' Lanham Act claim "despite clear deficiencies" in the claim.  *See Capone v. Patchogue-Medford Union Free Sch. Dist.,* No. 04-CV-2947 (JS), 2010 WL 2771845, at *4 (E.D.N.Y. July 13, 2010) (awarding sanctions pursuant to Section 1927).  The law firm of Garson, Segal, Steinmetz, Fladgate LLP should, therefore, be held liable for Defendants' attorneys' fees incurred in filing this motion for reconsideration, necessitated by Plaintiffs' continued prosecution of a claim lacking any legal merit and pursued in bad faith, dereliction of their duty of candor.

### III.  THIS COURT SHOULD STRIKE PLAINTIFFS' LANHAM ACT CLAIM UNDER THE COURT'S INHERENT POWER TO AWARD SANCTIONS

As noted in Section II, *supra,* this Court is permitted to award sanctions under its inherent power.  Such sanctions may be made against Plaintiffs' counsel as well as Plaintiffs themselves.  *Oliveri*, 803 F.2d at 1273.  In order to impose such sanctions, a court must find subjective bad

faith.  *Monroe v. Geo Grp., Inc.*, No. 14 CIV. 3130 (ER), 2017 WL 3973942, at *7–8 (S.D.N.Y. Sept. 7, 2017).  Plaintiffs' failure to correct this Court's mistake of fact regarding the precise allegations found in the Complaint is equivalent to making a false statement to the Court, conduct that "certainly evinces subjective bad faith."  *Id.*  (citing cases); *see also S.E.C. v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013) ("Under Rule 11(c)(3) and the inherent power of the court, sanctions are appropriate where an individual has made a false statement to the court and has done so in bad faith.").  Plaintiffs' bad faith warrants the imposition of sanctions under this Court's inherent powers, in the form of striking their Lanham Act claim.  *Cf. Ptak Bros. Jewelry v. Ptak,* No. 06 CIV.13732 (DC), 2009 WL 807725, at *9 (S.D.N.Y. Mar. 30, 2009) (entering default judgment against defendants under Federal Rules of Civil Procedure 37 and 41, and under the court's inherent power, based on, *inter alia*, defendants' misrepresentations to the court); *New York v. Gleave,* 189 F.R.D. 263, 268 (W.D.N.Y. 1999) (confirming that courts may employ their inherent power to strike a party's pleading when the party's "misconduct materially and negatively affects the resolution of the action itself").

Moreover, Plaintiffs are unable to sustain their Lanham Act claim based on the factual assertions contained in their Complaint; as a result, permitting this claim to move forward would be futile, wasting both Defendants' and this Court's resources.  In light of Plaintiffs' inability to support their Lanham Act claim, striking such claim is appropriate.  *See Cordillo v. Sos,* No. 90 CIV. 9 (WCC), 1992 WL 36136, at *2 (S.D.N.Y. Feb. 18, 1992) (striking factually-unsupported claims).

## **CONCLUSION**

For the foregoing reasons, and for those set forth in Defendants' Motion to Dismiss, Defendants respectfully request that Plaintiffs' second claim for relief be dismissed with prejudice, and that sanctions in the form of attorneys' fees be awarded.

Dated: January 17, 2018  
       New York, New York

COWAN, DEBAETS, ABRAHAMS & SHEPPARD, LLP

By: /s/ Lindsay W. Bowen  
Lindsay W. Bowen  
Nancy E. Wolff  
Brittany L. Kaplan  
41 Madison Avenue, 38th Floor  
New York, New York 10010  
Tel: (212) 974-7474  
Fax: (212) 974-8474  
lbowen@cdas.com  
nwolff@cdas.com  
bkaplan@cdas.com  

*Attorneys for Defendants European Pressphoto Agency, Alamy Ltd. and Alamy Inc.*