UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA SHEPARD & SHIRLEY SHEPARD<br><br>                              Plaintiffs,<br>         v.<br><br>EUROPEAN PRESSPHOTO AGENCY, ALAMY LIMITED, ALAMY, INC. AND JOHN DOES (1-5)<br><br>                              Defendants. | **Civil Action No.:**  17-cv-4434 (LLS) |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**

GARSON, SÉGAL, STEINMETZ, FLADGATE LLP
Kevin Murphy
Chris Fladgate
164 West 25th Street
Suite 11R
New York, NY 10001
(P): (212) 380 – 3623
(F): (347) 537 – 4540
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

Pages(s)

I.   DEFENDANTS HAVE NOT MET THE STRICT BURDEN REQUIRED TO PREVAIL ON A MOTION FOR RECONSIDERATION ..............................................1

   A.  The Court Committed No Clear Error ....................................................................2

II.  SANCTIONS UNDER 28 U.S.C. SECTION 1927 ARE NOT WARRANTED ...........3

III. STRIKING PLAINTIFFS' LANHAM CLAIM IS NOT APPROPRIATE ..................5

IV.  CONCLUSION ................................................................................................................5

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                       Page(s)

*(888) Justice, Inc. v. Just Enters.*,
2007 U.S. Dist. LEXIS 61849 (S.D.N.Y. Aug. 22, 2007) ............................................................... 4

*Anglo American Ins. Group v. Calfed Inc.*,
940 F. Supp. 554 (S.D.N.Y. 1996) ................................................................................................ 2

*Capone v. Patchogue-Medford Union Free Sch. Dist.*,
2010 U.S. Dist. LEXIS 70249 (E.D.N.Y. July 13, 3010) ............................................................... 5

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23, 123 S. Ct. 2041 (2003) ..................................................................................... 2, 3, 4

*Flaherty v. Filardi*,
2009 U.S. Dist. LEXIS 22641 (S.D.N.Y. Mar. 20, 2009) ............................................................... 2

*Howard v. Klynveld Peat Marwick Goerdeler*,
997 F. Supp. 654 (2d Cir. 1997) .................................................................................................... 4

*Munafo v. Metro. Transp. Auth.*,
381 F.3d 99 (2d Cir. 2004) ............................................................................................................ 1

*Range Road Music, Inc. v. Music Sales Corp.*,
90 F. Supp. 2d 390 (S.D.N.Y. 2000) ............................................................................................. 2

*Schlaifer Nance & Co. v. Estate of Warhol*,
194 F.3d 323 (2d Cir. 1999) .......................................................................................................... 4

*Shrader v. CSX Transp.*,
70 F.3d 255 (2d Cir. 1995) ........................................................................................................ 1, 2

# STATUTES, RULES, REGULATIONS & TEXTS

Page(s)

Fed. R. Civ. P. 59(e) ............................................................................................................... 1, 2, 3

28 U.S.C. Section 1927 ................................................................................................................ 3, 4

Plaintiffs, Andrea Shepard and Shirley Shepard (the "Shepards" or the "Plaintiffs"), by and through the undersigned counsel, respectfully submit this Opposition to Defendants European Pressphoto Agency's ("EPPA"), Alamy Limited's ("Alamy"), and Alamy Inc.'s ("Alamy Inc.," together with EPA and Alamy, "Defendants") Motion for Reconsideration of this Court's Order on December 20, 2017, granting in part the Defendants' Motion to Dismiss the claims for breach of contract and unfair competition, and denying dismissal of the Plaintiffs' Lanham Act claim. Defendants now ask this Court to revisit its well-considered ruling. However, Defendants have not met the strict burden they bear on such a motion. There was no mistake of fact in the Court's analysis. Plaintiffs' counsel made no misrepresentation in its Complaint and Opposition to Defendants' Motion to Dismiss. Defendants' motion should be denied.

## ARGUMENT

I. **DEFENDANTS HAVE NOT MET THE STRICT BURDEN REQUIRED TO PREVAIL ON A MOTION FOR RECONSIDERATION.**

Defendants have come nowhere near meeting the burden of showing that reconsideration is warranted under Federal Rule of Civil Procedure 59(e). A motion for reconsideration may be granted "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (citations omitted). The law is well-settled that litigants bear a strict burden when seeking leave to have courts reconsider their decisions. *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is generally denied unless the moving party can point to controlling decisions or data that the court overlooked matter reasonably expected to alter the outcome. *Id.* Furthermore, "Courts construe Rule 59(e) narrowly and apply it strictly in order 'to avoid repetitive arguments on issues that have been fully considered by the court.'" *Flaherty v. Filardi*, 2009 U.S. Dist. LEXIS 22641, *26-27

(S.D.N.Y. Mar. 20, 2009) (quoting *Anglo American Ins. Group v. Calfed Inc*., 940 F. Supp. 554, 557 (S.D.N.Y. 1996)).  Although Defendants admit that a motion for reconsideration should not be granted where the moving party seeks to simply relitigate an issue already decided, this is exactly what Defendants seek to do here.  Dkt. 26, p.3.  Finally, in order to be properly considered upon reconsideration, any controlling decisions or factual matters presented must have been put before the court in the underlying motion.  *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392-93 (S.D.N.Y. 2000) (denying motion for reconsideration in part because the argument and cases "overlooked" were never presented).

### A.  The Court Committed No Clear Error

The Complaint alleges that the Shepards create artwork in real-time of courtroom proceedings.  Complaint, ¶¶ 2,3.  The Complaint also states that the Shepards sell their artwork for a living and protect against the unauthorized sale, reproduction, and other unauthorized uses of their artwork.  Complaint, ¶ 3.  Accordingly, in its December 20, 2017 Order, the Court acknowledges that the "Shepards allege that European Pressphoto Agency's listing the Shepards' images as part of a network and Alamy Limited's imprinting the images with its Alamy watermark are likely to cause confusion as to the source of their images in violation of section 43(a)."  Dkt. 22, p.5.  Next, the Court considers Defendants' arguments under *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23, 123 S. Ct. 2041 (2003) and concludes, "[t]hat argument is unavailing here because the Shepards also sell their artworks. Compl. 3. They are not only the authors of creative works (whose creative elements are protected by copyright) but also the producers of tangible goods that are offered for sale (whose makers have rights to be identified as their source), and as such, are able to assert a Lanham Act claim for false

designation of origin." Dkt. 22, p.6.  Thus, this Court correctly rendered its decision on the facts alleging that Defendants' actions affect the Shepards' business of selling their pastels.

Defendants seek reconsideration on the ground that this Court mistakenly ruled "defendants obtained tangible goods." Dkt. 26, p.2.  This statement does not amount to a mistake of fact reasonably expected to alter the outcome.  Defendants are rearguing that Plaintiffs allege creating physical media without alleging that Defendants repackaged them, and so should not be within the exception to *Dastar*.  Dkt. 26, p.5.  But, this argument was considered and rejected by the Court.  Dkt. 22, pp. 7-8.  That is, after considering Defendants' argument on the mark Alamy superimposed on Plaintiffs' drawings, this Court found that "[t]he complaint alleges that defendants have misrepresented the source of pastel drawings that the Shepards offer for sale. Compl. 3, 49. Whether that is true or not may be in dispute. But as pleaded, it states a claim to relief under the Lanham Act that is distinct from, and not foreclosed by, the copyright infringement claim." Dkt. 22, pp. 7-8.  Furthermore, even if this Court accepts that it erred in determining that "the Complaint contained allegations regarding Defendants' repackaging of physical media," this does not alter the outcome as dismissal was not premised on this supposed fact.  Moreover, after a lengthy discussion on *Dastar*, the Court found Defendants' argument "unavailing" because the Shepards also sell their artwork, a fact explicitly stated in the Complaint.  Dkt. 22, p.6., Complaint ¶ 3.

Thus, Defendants' supplementary argument on *Dastar* fails to meet their strict burden of clear error on a Rule 59(e) motion for reconsideration.  Plaintiffs continue to rely on the allegations made in the Complaint, as Plaintiffs made no misrepresentation of the facts.

3

## II.     SANCTIONS UNDER 28 U.S.C. SECTION 1927 ARE NOT WARRANTED

Defendants could not obtain a dismissal of Plaintiffs' Lanham claim and now seek other avenues in an effort to punish Plaintiffs for pursuing valid claims.  Defendants assert that the Court should impose sanctions on the Shepards and the undersigned counsel, both under 28 U.S.C. § 1927 and its inherent power, but there is no basis for such extraordinary relief.

Pursuant to 28 U.S.C. Section 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney' fees reasonably incurred because of such conduct."  28 USCS § 1927.  "Sanctions pursuant to §1927 must be supported by a finding of bad faith." *(888) Justice, Inc. v. Just Enters.*, 2007 U.S. Dist. LEXIS 61849, *24 (S.D.N.Y. Aug. 22, 2007).  "Bad faith is found when an action is brought 'entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons.'"  *Id.* at *24-25 (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 997 F. Supp. 654, 667 (2d Cir. 1997)).

The Second Circuit has held that a district court may impose sanctions pursuant to its inherent power only if it finds that: "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay."  *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).  The same standard applies to motions for sanctions under 28 U.S.C. § 1927, although sanctions under that statute may be imposed only against attorneys or others authorized to practice before the court. *Id.*

Defendants contend that "Plaintiffs' Lanham Act claim "lacks a colorable basis" as it lacks the requisite factual elements to survive preemption by the Copyright Act."  Dkt. 26, p.8.

4

However, "[a] claim is colorable when it reasonably *might* be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis." *Schlaifer*, 194 F.3d at 337 (original emphasis).  As discussed above, the Court after considering Defendants' arguments under *Dastar*, found it "unavailing" because the Shepards also sell their pastel drawings for a living.  Dkt. 22, p.6., Complaint ¶ 3.  There is certainly a factual basis, and therefore at least a colorable basis for the Lanham Act claim.

Next, Defendants incomprehensibly argue that bad faith is established here because Plaintiffs' counsel continues to rely on the allegations contained in the Complaint and will not withdraw the Lanham Act claim, even though it survived the motion to dismiss.  Dkt. 26, p.8. Defendants rely on the case *Capone v. Patchogue-Medford Union Free Sch. Dist.*, 2010 U.S. Dist. LEXIS 70249 (E.D.N.Y. July 13, 3010).  In *Capone*, "Plaintiff's attorney demonstrated bad faith by (1) refusing to withdraw the Complaint despite clear deficiencies in the claims presented, (2) filing numerous meritless motions with the Court, and (3) sending a slew of letter applications to the Court and to opposing counsel." *Id.* at *9.  Here, unlike in *Capone*, Plaintiffs have not multiplied the proceedings nor have done so unreasonably and vexatiously.  If the Court made a mistake of fact, it would have to be corrected by motion, letter or otherwise.  But in fact the Court made no cognizable mistake, and Plaintiffs have done nothing more than pursue valid claims.  In contrast, it is the Defendants who are now multiplying the proceedings.

### III.  STRIKING PLAINTIFFS' LANHAM CLAIM IS NOT APPROPRIATE

Plaintiffs are able to sustain their Lanham Act claim based on the factual assertions contained in their Complaint, thus striking the claim is inappropriate.  As shown above, there is no mistake of fact as to any allegation in the Complaint.  There is nothing for Plaintiffs to correct.  Plaintiffs rely on the statements made in their pleadings.  As such, there is no subjective

bad faith on the part of Plaintiffs' counsel or the Shepards, and therefore sanctions in the form of striking their Lanham Act claim is inappropriate.

## IV.   CONCLUSION

Plaintiffs respectfully request that this Court deny Defendants' Motion for Reconsideration in its entirety.

Dated:   January 31, 2018
         New York, New York

>                    RESPECTFULLY SUBMITTED,
>                    **GARSON, SEGAL,**
>                    **STEINMETZ, FLADGATE LLP**
>                    *ATTORNEYS FOR PLAINTIFF*
>
> **BY:**           /s/
>                    KEVIN MURPHY
>                    CHRIS FLADGATE
>                    164 WEST 25TH STREET
>                    SUITE 11R
>                    NEW YORK, NY 10001
>                    **TELEPHONE:** (212) 380-3623
>                    **FACSIMILE:** (347) 537-4540